The Attorney General has received your request for an opinion wherein you ask, in effect, the following question: Is a school district authorized pursuant to 70 O.S. 2-101 [70-2-101](B) (1974), or any other provision of law to call a special election of the electors of the school district for the purpose of informing the school board of elector intent on a particular subject matter, such election results not intended to be binding upon the School Board but only advisory in nature? Title 70 O.S. 2-101 [70-2-101](B) (1974), is found in Article II of the School Code of 1971 relating to elections and provides as follows: "A special election of electors of any school district may be called by the board of education, or by a majority of the school district electors upon a petition filed with the clerk of the board of education for the purpose of voting upon any matter or question authorized by law." (Emphasis added). As a plain reading of the provision indicates, a special election of the electors of any school district may be called and an election had so long as the matter or question voted upon is provided by law as a matter or question properly subject to a vote by such electors. Upon examination of relevant constitutional and statutory provisions, it is apparent that the law sets forth several school related issues to be subjected to a vote of school district electors. Included among the same are election of members to the boards of education of school districts, elections for increased ad valorem taxation for the benefit of school districts, elections regarding annexation of school districts and elections for the issuance of bonds. When any such election is held, the decision of the school district electorate is binding upon the school board. However, there appears no provision in the Constitution, statutes or caselaw of the State contemplating or authorizing, either expressly or impliedly, the calling of a special election or any election of school district electors for the limited purpose of securing a vote upon any matter, the results of which would be merely advisory in nature and not binding or compelling upon the school board. A school district, being a create of statute, may exercise only those powers expressly conferred by statute. Boydston v. State, Okl.,277 P.2d 138 (1954). In short, the use of a special election of school district electors as a mechanism for the mere testing or expressing of public opinion or a means of acquiring or providing mere unconfining and non-mandatory advice is not "authorized by law." Accordingly, it is the official opinion of the Attorney General that your question be answered as follows: The calling of a special election of the electors of a school district for the securing of a vote, the results of which are intended to be only advisory in nature and not binding upon the district school board, is not authorized by law. (BRENT S. HAYNIE) (ksg) ** SEE: OPINION NO. 88-096 (1988) **